**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FINANCIAL MARKETS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOOZ ALLEN HAMILTON INC., <br><br> Defendant. | Case No. 1:11-cv-01299-TSE-JFA |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant Booz Allen Hamilton Inc. ("Defendant" or "BAH"), by counsel, submits this Memorandum of Law in Support of Its Motion for Entry of Protective Order. For the reasons set forth below, the Court should enter the Protective Order attached hereto as **Exhibit A**.

**I. INTRODUCTION AND BACKGROUND**

Defendant BAH seeks entry of the attached protective order to ensure proper protection of sensitive material produced by parties and non-parties in this proceeding. Among other things, the proposed protective order will protect commercial information so that it is not disclosed to competitors, while at the same time, providing the parties with full opportunity to develop their cases by affording the parties' outside counsel and experts full access to confidential materials. Entry of the proposed protective order will make it possible to complete discovery in a timely and efficient manner.

**II. BACKGROUND**

FMI commenced this action on December 1, 2011, alleging that BAH breached a

subcontract for performance on the Ukraine Financial Sector Rehabilitation Program ("FINREP") as well as alleging fraudulent inducement, constructive fraud, and negligent misrepresentation. By Order dated February 10, 2012, the Court dismissed the counts for fraudulent inducement, constructive fraud, and negligent misrepresentation. *See* ECF No. 22. Thus, the only claim remaining is for breach of contract.

On January 18, 2012, the parties filed a Joint Rule 26(f) Report and Discovery Plan, which recognized that: "The Defendant anticipates the need for a protective order governing discovery in this proceeding, so the parties agree to discuss and submit a proposed protective order for entry by the Court." *See* ECF No. 16 at 5. However, it was not only BAH that sought confidentiality protection. On February 16 2012, FMI served its responses to BAH's First Request for Production of Documents and Things. In the cover letter accompanying the document production, counsel noted that, "With particular regards to documents responsive to Requests 7, 8, 14, 15, 25, and 26, FMI will produce documents after the implementation of a protective order, as agreed to by both parties on February 8, 2012." *See* Letter from Jonah McCarthy, Counsel for FMI, to Attison L. Barnes, III, counsel for BAH (Feb. 16, 2012), attached hereto as **Exhibit B**.

On February 27, 2012, FMI circulated a draft Stipulated Protective Order. FMI's draft declared that the Stipulated Protective Order was necessary to "protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case." *See* E-mail from Jonah McCarthy to Attison Barnes (Feb. 27, 2012, 4:50 p.m.) and attachment, appended hereto as **Exhibit C**. The draft Stipulated Protective order provided for the designation of discovery material as "Confidential." On March 6, 2012, BAH provided FMI with a revised version of FMI's proposed protective order that included, in addition to a designation of "Confidential," a designation of "Outside Counsel's

Eyes Only" for "information that [the producing person] deems so competitively sensitive that it should not be learned by its competitors or persons with whom it conducts business." *See* E-mail from Attison Barnes to Jonah McCarthy (Mar. 6, 2012, 4:42 p.m.) and attachment, appended hereto as **Exhibit D**. FMI's counsel responded that FMI is "fine with these edits." *See* E-mail from Jonah McCarthy to Attison Barnes (Mar. 7, 2012, 1:36 p.m.), attached hereto as **Exhibit E**. However, the case was stayed shortly thereafter before the parties filed the agreed upon protective order. *See* ECF No. 40.

After the Court lifted the discovery stay in this matter, BAH sought FMI's consent to file the previously agreed upon protective order, substituting only the dates and FMI's counsel. *See* E-mail from Attison Barnes to Karl Blanke, Counsel for FMI (July 8, 2013, 1:38 p.m.), attached hereto as **Exhibit F**. While FMI agreed that a protective order is necessary, it now refuses to consent to the term that it previously had accepted for designation of materials as "Outside Counsel's Eyes Only." *See* E-mail from Karl Blanke to Attison Barnes (July 19, 2013, 10:58 p.m.), attached hereto as **Exhibit G**.

### III. CERTIFICATE OF GOOD FAITH

BAH has undertaken extensive efforts to resolve this issue without the need for Court intervention. As noted above, in March 2012, the parties exchanged drafts of the protective order and FMI agreed to the attorneys' eyes only provision that BAH is proposing in the instant Motion. On July 8, 2013, counsel for BAH sent a copy of this language to FMI, but FMI's counsel surprisingly indicated by phone on July 9, 2013 that he would not accept. Counsel discussed BAH's reason for seeking an "Outside Counsel's Eyes Only" designation and, on July 19, 2013, counsel for BAH sent to counsel for FMI a copy of the prior correspondence where FMI had accepted the proposed order and a written explanation of BAH's position. Nevertheless, FMI's counsel responded that, despite FMI's prior position, he is "opposed to any protective order that

includes an 'attorneys' eyes only' designation." *See* Ex. G.

## IV. ARGUMENT

### A. The Parties Agree That There is Good Cause for a Protective Order and Good Cause Exists.

The parties agree that a protective order is necessary and appropriate in this case. Fed. R. Civ. P. 26(c) provides that a court may enter a protective order "for good cause," which includes, *inter alia*, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). As noted above, both BAH and FMI have agreed on multiple occasions that a protective order is necessary and appropriate to "protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case." *See* Ex. C. The underlying Subcontract was a sensitive commercial relationship wherein the parties provided financial sector services in the Ukraine for USAID. While FMI previously agreed to an "Outside Counsel's Eyes Only" designation, FMI's counsel now reverses course and indicates that he will not accept a protective order that includes such a provision. *See* Ex. G. FMI'd counsel has not provided a reason for his refusal to consent.

### B. The Court Should Adopt BAH's Proposed Two-Tiered Protective Order To Protect Confidential Information From Disclosure to Competitors.

The two-tiered protective order proposed by BAH is necessary to further the interests of Rule 26(c) by protecting trade secret and commercial information. "To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). A protective order containing a designation for "Outside Counsel's Eyes Only" is appropriate where the information that the moving party seeks to protect falls under Rule 26(c) and the moving party will suffer harm by disclosure of that information to the other party. *See Kinetic*

*Concepts, Inc. v. Convatec, Inc.*, No. 1:08CV00918, 2010 WL 1947605, at *3 (M.D.N.C. May 13, 2010).

Here, Defendant BAH seeks the opportunity to designate materials "that it deems so competitively sensitive that it should not be learned by its competitors or persons with whom it conducts business" as "Outside Counsel's Eyes Only." This would include information about the terms that BAH negotiated with other subcontractors along with the terms of BAH's confidential prime contract with USAID. Such information constitutes the most highly sensitive "commercial information" and, thus, falls well within Rule 26(c). *See id.*; Fed. R. Civ. P. 26(c)(1)(G). Moreover, BAH will suffer harm from the disclosure of this confidential information to FMI. In fact, counsel for **FMI has admitted in this proceeding that FMI is a competitor to BAH**. *See* Mar. 16, 2012 Mots. Hr'g Tr. 23:3-13 (agreeing that FMI is "more of a competitor of Booz Allen than it is a subcontractor"). As such, FMI could use access to this sensitive information about pricing and other terms to harm BAH. *First*, FMI could use information about the terms that BAH has provided to other subcontractors either: (1) to its competitive advantage in future negotiations with BAH, or (2) to its unfair advantage when soliciting other entities to team with it to submit bids for future contracts. *Second*, FMI could use its knowledge of the terms of BAH's contract with USAID to unfairly advantage it in future government contracts for which FMI may compete with BAH.

The Court should not permit FMI to utilize this litigation to access BAH's highly sensitive business information. The proposed two-tiered protective order properly balances any need that FMI may have for this information in the litigation with BAH's interest in preventing its competitor from learning such information.

## V.  CONCLUSION

For the foregoing reasons, BAH respectfully requests that this Court enter the proposed

Stipulated Protective Order Without Sealing Provisions containing the "Outside Counsel's Eyes Only" designation and grant such further relief as this Court deems proper.

| | |
|---|---|
| Dated July 26, 2013 | BOOZ ALLEN HAMILTON INC. |
| | By counsel |
| | /s/ Attison L. Barnes, III |
| | Attison L. Barnes, III (VSB No. 30458)<br>Tara L. Ward (VSB No. 79182)<br>Ari S. Meltzer (admitted *pro hac vice*)<br>WILEY REIN LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>Tel: (202) 719-7000<br>Fax: (202) 719-7049<br>abarnes@wileyrein.com |
| | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on July 26, 2013, I electronically filed the foregoing by using the CM/ECF system, which will cause a copy to be served upon:

> Karl G. Blanke, Esq.
> Law Offices of Karl G, Blanke, PLLC
> 4023 Chain Bridge Road, Suite 5
> Fairfax, VA 22030

/s/ Attison L. Barnes, III
Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Defendant*