IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FINANCIAL MARKETS INTERNATIONAL, INC., </br></br>　　　　　Plaintiff, </br></br>　　v. </br></br>BOOZ ALLEN HAMILTON, INC., </br></br>　　　　　Defendant. | )</br>)</br>)</br>)</br>)　Civil Action No. 1:11cv1299 (TSE/JFA)</br>)</br>)</br>)</br>)</br>)</br>) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

On September 3, 2013, an Order was entered denying plaintiff's emergency motion for reconsideration and referring to the undersigned for a prompt determination pursuant to 28 U.S.C. § 636 the issue of what, if any, sanction should be imposed on plaintiff, as requested by the defendant. (Docket no. 134). On September 3, 2013, defendant Booz Allen Hamilton, Inc. ("BAH") filed a motion for sanctions, a memorandum in support, and a notice of hearing for September 13, 2013. (Docket nos. 135-37). On September 6, 2013, plaintiff Financial Markets International, Inc. ("FMI") filed its opposition to the motion for sanctions. (Docket no. 150). BAH filed a reply on September 12, 2013. (Docket no. 162). On Friday, September 13, 2013, counsel presented argument on the motion for sanctions. Pursuant to the Order of reference entered by the District Judge, the undersigned magistrate judge is filing with the Court his proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C), a copy of which will be provided to the parties.

1

## Factual Background

This proposed findings of fact and recommendations is limited to the sanctions issue presented in BAH's pending motion and only the facts relating to that issue will be discussed. Following the lifting of the stay of discovery in this action on June 7, 2013 (Docket no. 73), BAH wrote to FMI's counsel in an effort to agree on a discovery schedule. (Docket no. 136-1, Ex. A). On July 8, 2013, counsel for BAH forwarded a proposed schedule for depositions indicating that BAH would not wait until September to begin taking depositions, but would schedule depositions on weekends in order to accommodate FMI's counsel's schedule. (Docket no. 136-1, Ex. B). Included in that proposed schedule was the deposition of Ann Wallace[1] on August 4, 2013 at 9:30 a.m. On July 12, 2013, counsel for BAH served FMI with several notices of deposition, including a notice of deposition for Ann Wallace on August 4, 2013 at 9:30 a.m., and stated that he would be willing "to move them around within the first 15 days of August." (Docket no. 136-1, Ex. C). Ms. Wallace did not appear for her deposition as noticed on August 4, 2013.

On July 26, 2013, BAH filed a motion to compel seeking, among other things, an order requiring FMI to produce certain witnesses for depositions, including Ann Wallace. (Docket no. 77). On August 9, 2013, a hearing was held and the undersigned granted BAH's motion to compel and ordered FMI to produce certain witnesses for a deposition between August 21 and August 28, 2013, including Ms. Wallace. (Docket no. 91).[2] FMI failed to make Ms. Wallace

---

[1] Ann Wallace is employed by FMI and she was the "Chief of Party" under the contract at issue during the first year of performance beginning on December 8, 2009.

[2] The undersigned awarded BAH costs and expenses of $6,400.80 pursuant to Fed. R. Civ. P. 37(a)(5) in connection with this motion to compel. (Docket no. 112).

available for a deposition in this jurisdiction during the time frame ordered by the Court on August 9, 2013.

On August 16, 2013, BAH filed a second motion to compel depositions when FMI took the position that it would not make Ms. Wallace available for a deposition in this jurisdiction, but would allow her to be deposed by video conference while she was in the Ukraine. (Docket no. 101). On the same day, FMI filed a motion for party depositions by video conference, including the deposition of Ms. Wallace. (Docket no. 104). Given the logistical issues of taking a deposition by video conference with a witness in the Ukraine, the significance of Ms. Wallace's role in this dispute, and the fact that she is an employee of the plaintiff, BAH did not agree to proceed with deposing Ms. Wallace by video conference. (Docket nos. 102, 106). On August 23, 2013, the Court granted BAH's motion to compel the deposition of Ms. Wallace in this jurisdiction, denied FMI's motion to require her deposition to be taken by video conference, and explicitly ordered that FMI "shall produce Ann Wallace for deposition on **Friday, August 30, 2013**" and that her deposition "shall occur in the Washington, D.C. offices of defendant's counsel." (Docket no. 114) (emphasis in original).[3]

FMI failed to make Ms. Wallace available for her deposition on August 30, 2013 in Washington, D.C. as ordered by the Court. Instead, FMI filed an emergency motion for reconsideration on August 26, 2013 (Docket no. 116) that was denied on August 29, 2013.

During the hearing before the undersigned on September 13, 2013, counsel for FMI acknowledged that the filing of the motion for reconsideration did not stay the August 23, 2013 Order and that FMI made a "business decision" not to have Ms. Wallace return to the United States in time to comply with the Court's August 23, 2013 Order.

---

[3] The Court allowed FMI two additional days from the previously ordered time period (August 21 through 28) for this deposition to occur given that Ms. Wallace was currently in the Ukraine.

3

## Applicable Federal Rules and Authority

### Sanctions under Federal Rule of Civil Procedure 37(b)

Federal Rule of Civil Procedure 37(b) governs a court's authority to impose sanctions for violations of a court's order to compel discovery. *See* Fed. R. Civ. P. 37(b)(2); *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985). Rule 37(b) specifically authorizes the court to preclude evidence or dismiss the case where a party has failed to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A). The district courts have broad discretion to impose sanctions and to dismiss an action pursuant to Rule 37(b), the exercise of which is reviewed for an abuse of discretion. *See Rabb*, 769 F.2d at 999. As the Supreme Court has explained:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Fourth Circuit has made clear that district courts "must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Federal Rule of Civil Procedure 37(d) governs the consequences for a party's failure to attend its own deposition. Rule 37(d)(1)(A)(i) provides that the court may order sanctions if "a party, or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) provides that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) (which includes "dismissing the action or proceeding in whole or in part" and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence") and that "the court must require the party

failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Federal Rule of Civil Procedure 37(b) involves sanctions for failure to comply with a court order. Rule 37(b)(2) provides that if a party, or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, the court may issue orders including "dismissing the action or proceeding in whole or in part" and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." In addition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In its motion for sanctions, BAH argues that FMI's intentional violation of the Court's Orders warrants dismissal of plaintiff's claims. BAH also argues that if dismissal is deemed to be too strict of a sanction for this willful violation of the Court's Orders, the Court should preclude Ms. Wallace from testifying at trial and provide an instruction that BAH's good faith efforts are established for the period that Ms. Wallace was the Chief of Party.[4] Finally, BAH states that it should be awarded its fees and costs involved with Ms. Wallace's failure to appear at properly noticed depositions and the related motions. (Docket no. 136).

The Fourth Circuit has articulated four factors a district court must consider in determining whether dismissal is appropriate under Rule 37(b): "(1) whether the non-complying

---

[4] During the hearing on September 13, 2013, the general counsel for FMI stated that Ms. Wallace was the Chief of Party from the beginning of the contract term on December 8, 2009 and continuing for the first year. Mr. Bond then became Chief of Party for the remaining two-plus years of the contract.

party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *accord Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (*en banc*).

In this case, there is no question that FMI made a conscious, business decision not to comply with this Court's August 23, 2013 Order. During the hearing on September 13, 2013, FMI's general counsel acknowledged that he was aware of the Court's Order, that he was aware that the filing of a motion for reconsideration did not stay that Order, and that FMI made a "business decision" not to comply with the Court's Order. In the Fourth Circuit, bad faith includes willful conduct, where the plaintiff "clearly should have understood his duty to the court," but nonetheless "deliberately disregarded" it. *Rabb*, 736 F.2d at 1000. The plaintiff and its counsel were aware of the Court's explicit Order regarding Ms. Wallace's deposition and, with that knowledge, they made a "business decision" not to comply. Plaintiff's willful disregard of the federal rules and this Court's Order is the *sine qua non* of bad faith.

Second, the plaintiff's actions have resulted in prejudice to the defendant. The Fourth Circuit has upheld a district court's dismissal where the plaintiff's "repeated refusals to comply with the Government's legitimate discovery requests, despite court orders to the contrary . . . was prejudicial to the Government . . . because it could not defend against claims, facts, and witnesses that [the appellant] refused to provide . . . ." *See United States v. One Tract of Real Property*, 107 F.3d 868, 1997 WL 71719, at *3 (4th Cir. 1997) (table). In this case, FMI failed to comply with a clear and explicit Order of the Court requiring Ms. Wallace to appear for a deposition on a specific date and at a specific location. The August 23, 2013 Order was the

result of the second motion to compel that BAH was required to file in order to obtain Ms. Wallace's deposition. All of FMI's arguments relating to the inconvenience of having its employee return from the Ukraine to be deposed in this case (a case that FMI brought and has continued to pursue in this Court) were presented to the Court and considered in the rulings on the motions to compel and the motion for reconsideration. FMI's failure to comply with the Court's Orders concerning Ms. Wallace's deposition has resulted in real and significant prejudice to the defendant's ability to prepare its defense to FMI's claims relating to the time period during which Ms. Wallace was the Chief of Party.

Third, the need to deter this particular form of non-compliance weighs heavily in the favor of dismissal or some other serious sanction. FMI willfully and intentionally disregarded an explicit Order of this Court for "business" reasons. If this Court failed to enforce its Orders at this juncture, it would send the wrong message to recalcitrant parties and their counsel: that defiance goes unpunished. Thus, the need to deter this type of behavior is great.

The fourth factor to consider is whether a lesser sanction than the dismissal of FMI's claim is appropriate in this case. It is clear that the award of costs against FMI for failing to comply with the Federal Rules of Civil Procedure has not been a deterrent to FMI.[5] However, the sanction of dismissal should be reserved for the most serious and egregious conduct. In this case, FMI has provided certain witnesses for depositions and has responded to discovery requests, albeit with undue delay and difficulty. Nevertheless, FMI did, after two separate motions compelling the deposition of its employee Ann Wallace, make a "business decision" not to comply with a clear and explicit Order of this Court. This "business decision" not to comply

---

[5] Thankfully, it is unusual for the undersigned to be in the position of having to award costs and expenses under Fed. R. Civ. P. 37. However in this case, the undersigned has entered **two** separate Orders awarding BAH its costs and expenses relating to FMI's conduct during discovery. (Docket nos. 112, 120).

7

with a Court Order warrants serious consequences. Taking into consideration the issues involved in this case, the important role of Ms. Wallace during the first year of performance under the contract, the prejudice incurred by BAH from FMI's decision not to produce Ms. Wallace for a deposition as ordered by the Court, and the need for deterrence of this type of conduct, the undersigned recommends that FMI be precluded from calling Ms. Wallace as a witness during the trial of this case, that FMI be precluded from using any declaration or affidavit from Ms. Wallace in response to the pending motion for summary judgment, that FMI be precluded from introducing any testimony or evidence during the trial of this case concerning any lack of good faith on the part of BAH during the time period that Ms. Wallace was Chief of Party, and that the reasonable expenses, including attorney's fees, incurred by BAH involving Ms. Wallace's deposition and related motions be awarded jointly and severally against FMI, its general counsel Anthony Hill, and its outside counsel Karl G. Blanke.

## Notice

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within fourteen (14) days of service of these proposed findings of fact and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of the these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

Entered this 16th day of September, 2013.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia