IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FINANCIAL MARKETS INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 1:11cv1299 (TSE/JFA) |
| v. | ) ) |
| BOOZ ALLEN HAMILTON, INC., | ) ) |
| Defendant. | ) ) |

## ORDER

On Friday, September 27, 2013, counsel for the parties appeared before the court to present argument on Defendant's Motion for Leave to File Under Seal (Docket no. 141) ("Defendant's Motion to Seal Memorandum"), Plaintiff's Motion for Leave to File Under Seal (Docket no. 168) ("Plaintiff's Motion to Seal Opposition"), and Defendant's Motion for Leave to File Under Seal (Docket no. 180) ("Defendant's Motion to Seal Reply."). Each of these motions involve pleadings that were filed with the court involving a pending Motion for Summary Judgment. Accordingly, the public has a First Amendment right of access to those pleadings and there must be a "compelling governmental interest" in restricting access to those materials. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Prior to allowing documents to be filed under seal, the court must "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

Upon consideration of the Defendant's Motion to Seal Memorandum and the Defendant's Motion to Seal Reply and having reviewed the material being sought to be filed under seal, and for the reasons stated from the bench, it is hereby

ORDERED that the Defendant's Motion to Seal Memorandum and the Defendant's Motion to Seal Reply is denied. The Clerk shall remove any restriction of access to docket entries numbers 165 and 183.

Upon consideration of the Plaintiff's Motion to Seal Opposition and having reviewed the materials being sought to be filed under seal and having heard argument from counsel for the defendant, and for the reasons stated from the bench, the court finds that only Exhibits B and F-1 satisfy the strict requirements set by the Fourth Circuit for filing materials under seal. Accordingly, it is hereby

ORDERED that the Plaintiff's Motion to Seal Opposition is granted in part and denied in part. Plaintiff shall electronically file a version of the Opposition that is available to the public that contains Exhibits C, F, G, H, M, N, O, Q, S, V, W, X, Y, and Z that were previously filed under seal.

Entered this 27th day of September, 2013.

Alexandria, Virginia

_/s/_
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge