IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FINANCIAL MARKETS INTERNATIONAL, INC., <br>    Plaintiff, <br><br> v. <br><br> BOOZ ALLEN HAMILTON, INC., <br>    Defendant. | ) <br> ) <br> ) <br> )   Case No. 1:11-cv-1299 <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

The matter is before the Court on United States Magistrate Judge John F. Anderson's September 16, 2013 Proposed Findings of Fact and Recommendations ("the FFR") (doc. 166) on defendant's motion for the imposition of discovery sanctions against plaintiff (doc. 135). Plaintiff filed a timely objection to the FFR (doc. 212).

The Magistrate Judge issued the FFR rather than directly imposing discovery sanctions because defendant requested dismissal of the case, a determination generally under the jurisdiction of the district court. *See* 28 U.S.C. § 636. The FFR, however, did not recommend dismissal, but instead recommended:

> (i) that [plaintiff Financial Markets International ("FMI")] be precluded from calling Ms. Wallace as a witness during the trial of this case, that FMI be precluded from using any declaration or affidavit from Ms. Wallace in response to the pending motion for summary judgment, that FMI be precluded from introducing any testimony or evidence during the trial of this case concerning any lack of good faith on the part of BAH during the time period that Ms. Wallace was Chief of Party, and
>
> (ii) that the reasonable expenses, including attorney's fees, incurred by [defendant Booz Allen Hamilton ("BAH")] involving Ms. Wallace's deposition and related motions be awarded jointly and severally against FMI, its general counsel Anthony Hill, and its outside counsel Karl G. Blanke.

1

Because the recommended sanctions do not involve dismissal, they fall squarely within the jurisdiction of a magistrate judge. *See id.* Thus, this presents an unusual issue for a district judge in reviewing the FFR because discovery sanctions imposed by a magistrate judge are to be reconsidered only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* § 636(b)(1)(A). By contrast, a magistrate judge's proposed findings of fact and recommendations pursuant to U.S.C. section 636(b)(1)(C) is to be reviewed *de novo*. The nature of the recommended sanctions points persuasively to the conclusion that the FFR should be reviewed under a clearly erroneous or contrary to law standard. Yet, in this instance, both standards lead to the same result: The FFR should be adopted by this Court in full, as a *de novo* review of the record reveals that the Magistrate Judge's findings and conclusions as to appropriate sanctions are soundly based on the record and settled Fourth Circuit law, and the FFR is not clearly erroneous or contrary to law.

The FFR reaches several harsh but warranted conclusions with respect to plaintiff's conduct. A *de novo* review of the pertinent record reflects that the FFR's findings of fact are correct: plaintiff failed to produce the witness Ms. Wallace for deposition as initially scheduled and then failed to comply with two Court Orders granting defendant's motions to compel. As the FFR correctly notes, "[d]uring the hearing on September 13, 2013, FMI's general counsel acknowledged that he was aware of the Court's Order, that he was aware that the filing of a motion for reconsideration did not stay that Order, and that FMI made a 'business decision' not to comply with the Court's Order." FFR at 6. In considering the appropriate sanctions, the FFR correctly points out that "[p]laintiff's willful disregard of the federal rules and this Court's Order is the *sine qua non* of bad faith." *Id.* The FFR further correctly concludes that "FMI willfully and intentionally disregarded an explicit Order of this Court for 'business' reasons," and that

"the need to deter this type of behavior is great." *Id.* at 7. Finally, the FFR reflects that the Magistrate Judge carefully considered the range of available sanctions, recognized that "the sanction of dismissal should be reserved for the most serious and egregious conduct," and also acknowledged that "[i]t is clear that the award of costs against FMI for failing to comply with the Federal Rules of Civil Procedure has not been a deterrent to FMI." *Id.* at 7-8. In sum, the Magistrate Judge, after thorough consideration of the matter, recommended sanctions that are carefully tailored to plaintiff's conduct and the circumstances of the case, and that are fully consistent with the governing Fourth Circuit law.[1]

Plaintiff's objection, distilled to its essence, makes three points. First, plaintiff offers an apology to the Magistrate Judge. Taking responsibility for one's actions by way of apology is certainly an appropriate gesture, but it does not change what occurred. Plaintiff next argues that its failure to produce Ms. Wallace for deposition was the result of a misunderstanding. Yet, the record clearly reflects that plaintiff bears substantial responsibility for any misunderstanding. Lastly, plaintiff asserts that the Magistrate Judge incorrectly applied Fourth Circuit law in his determination of the appropriate sanctions. This argument is unpersuasive. The FFR correctly applies the Fourth Circuit's four-factor test for Rule 37(b), Fed.R.Civ.P. sanctions, as articulated in *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*,[2] to conclude: (1) that plaintiff's actions constitute "the *sina quo non* of bad faith," (2) that plaintiff's failure to comply with the Court's Orders "resulted in real and significant prejudice" to defendant, (3) that "the need to deter this type of behavior is great," and (4) that less drastic sanctions had not proven effective in deterring plaintiff. The FFR must therefore be adopted.

---

[1] *See Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc).

[2] 155 F.3d 500, 504 (4th Cir. 1998).

3

Accordingly, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that the United States Magistrate Judge's September 16, 2013 Proposed Findings of Fact and Recommendations is **ADOPTED**, and accordingly, the Court adopts as its own the findings of fact and recommendation of the United States Magistrate Judge.

It is further **ORDERED** that the sanctions recommended in the United States Magistrate Judge's September 16, 2013 Proposed Findings of Fact and Recommendations are **IMPOSED**, and accordingly, plaintiff is sanctioned as follows:

(i) Plaintiff Financial Markets International ("FMI") is precluded from calling Ms. Wallace as a witness during the trial of this case; FMI is precluded from using any declaration or affidavit from Ms. Wallace in response to the pending motion for summary judgment; FMI is precluded from introducing any testimony or evidence during the trial of this case concerning any lack of good faith on the part of BAH during the time period that Ms. Wallace was Chief of Party; and

(ii) the reasonable expenses, including attorney's fees, incurred by [defendant Booz Allen Hamilton ("BAH")] involving Ms. Wallace's deposition and related motions are awarded jointly and severally against FMI, its general counsel Anthony Hill, and its outside counsel Karl G. Blanke.

The Clerk is directed to send a copy of this Order to all counsel of record and to the Magistrate Judge.

Alexandria, Virginia
October 3, 2013

/s/
T. S. Ellis, III
United States District Judge